**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| ALVIN ROBINSON ) <br> ADC # 95959 ) <br>    Petitioner, ) <br> v. ) <br> ) <br> RAY HOBBS, Director, Arkansas ) <br> Department of Correction ) <br>    Respondent. ) | **Case No. 5:13-CV-00214 KGB-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

     The following recommended disposition has been sent to United States District Court Judge Karen G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Alvin Robinson. (Doc. No. 2). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On May 14, 2008, Petitioner was found guilty possession of a firearm by a felon and was sentenced as a habitual offender to 432 months' imprisonment in the Arkansas Department of Correction. The jury also convicted him of commission of a felony with a firearm and enhanced his sentence by 180 months. Petitioner's only argument on appeal was that his enhancement violated the Double Jeopardy Clause. His appeal was denied because the court found that trial counsel failed to preserve this argument when he raised it prior to the jury's verdict.

On July 3, 2012, Petitioner filed a petition for writ of certiorari and a petition for writ of

error coram nobis with the Arkansas Supreme Court, but they were denied on September 27, 2012.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because he received ineffective assistance of counsel, but the Court cannot reach the merits of his claim because it is time barred.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The parties agree that the present petition, which was filed on July 12, 2013, is untimely, but Petitioner argues that his untimeliness should be excused under the Supreme Court's decisions in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). However, those decisions dealt with procedural default and not the statute of limitations. The State's failure to inform Petitioner of the availability of collateral review or provide him with counsel for that review does not warrant equitable tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2010), so his claim is barred by the statute of limitations.

Respondent also contends that Petitioner's claim is procedurally defaulted, but the Court disagrees. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and

prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

The Court finds that cause for Petitioner's procedural default is established by *Trevino* and *Martinez*, and that he also suffered sufficient prejudice to excuse his default. The Supreme Court has generally declined to apply the Double Jeopardy Clause to sentence enhancements because enhancements punish defendants "only for the fact that the *present* offense was carried out in a manner that warrants increased punishment." *United States v. Watts*, 519 U.S. 148, 154 (1997) (quoting *Witte v. United States*, 515 U.S. 389, 403 (1995)). That cannot be said to be the case here. Based on what has been presented to the Court, it appears that Petitioner was involved in a traffic accident and that a firearm was subsequently found in his vehicle. As a result, he was sentenced to fifty-one years' imprisonment, which is far beyond the statutory maximum for being a felon in possession of a firearm under Arkansas law. This sentence was only achieved because the jury found that Petitioner employed a firearm as a means of committing the felony of being a felon in possession of a firearm. The enhancement, which was decided upon by the jury in the same manner as his underlying conviction, would certainly appear to violate the Double Jeopardy Clause in this particular situation, but the Court does not believe there is any basis for

excusing the untimeliness of Petitioner's petition. Actual innocence can serve as a gateway for untimely claims, but does not appear that this limited exception would apply here. Accordingly, the Court does not believe it can afford Petitioner any relief.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will issue a certificate of appealability because Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). As noted above, the Court believes that Petitioner has made a substantial showing that he received ineffective assistance of counsel and that the Double Jeopardy Clause was violated, among other things.

SO ORDERED this 14th day of August, 2014.

_____
United States Magistrate Judge