IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALVIN ROBINSON,
ADC # 95959                                                                                               PETITIONER

v.                                          Case No. 5:13-cv-00214-KGB

RAY HOBBS, Director,
Arkansas Department of Correction                                                           RESPONDENT

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 8). Petitioner Alvin Robinson and respondent Ray Hobbs have objected (Dkt. Nos. 10, 11, 12). After review of the Proposed Findings and Recommendations, the parties' objections, and a *de novo* review of the record, the Court adopts in part and rejects in part the Proposed Findings and Recommendations.

On May 14, 2008, Mr. Robinson was found guilty of possession of a firearm by a felon and was sentenced as a habitual offender to term of imprisonment of 36 years. The jury also found that Mr. Robinson employed a firearm as manner of committing firearm possession by a felon, and his sentence was enhanced by 15 years. Mr. Robinson's only argument on direct appeal was that the enhancement to his sentence violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. On October 7, 2009, the Arkansas Court of Appeals affirmed Mr. Robinson's conviction and sentence, finding that he had not preserved this claim for review. *Robinson v. State*, 2009 Ark. App. 647.

On July 3, 2012, Mr. Robinson filed in the Arkansas Supreme Court a petition for writ of *certiorari* and petition for writ of error *coram nobis* claiming that he received ineffective assistance of counsel at trial because his trial counsel failed to preserve his double jeopardy

objection. Mr. Robinson had not filed with the trial court a Rule 37 petition for a new trial based on ineffective assistance of counsel. In his July 3, 2012, petition with the Arkansas Supreme Court, Mr. Robinson stated that he wanted the Court "to consider a belated Rule 37 petition on the question presented and for interpretation of new federal precedent found in *Martinez v. Ryan*[,132 S. Ct. 1309 (2012),] and clarification of application to Arkansas law and procedures." (Dkt. No. 7-5, at 1). On September 27, 2012, the Arkansas Supreme Court denied Mr. Robinson's petitions, holding that his claims failed to state grounds for a writ of *certiorari* or a writ of error *coram nobis*. *Robinson v. State*, 2012 Ark. 356.

On July 12, 2013, Mr. Robinson filed his 28 U.S.C. § 2254 habeas petition in this Court, arguing that his trial counsel was ineffective for failing to preserve his double jeopardy claim for direct appeal. Mr. Robinson further asserted that *Martinez* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), present grounds for this Court to reach the merits of his claims despite his admitted failure to file a Rule 37 petition with the Arkansas trial court and the admitted untimeliness of his habeas petition in this Court. Mr. Hobbs responded to the petition and argued that Mr. Robinson's claims are time-barred and procedurally defaulted, although Mr. Hobbs described the issue of procedural default as moot in view of the untimeliness of Mr. Robinson's petition.

Judge Kearney, in the Proposed Findings and Recommendations received by this Court, determined that cause exists for excusing Mr. Robinson's procedural default based on *Martinez* and *Trevino* and that prejudice exists to excuse the procedural default, but he ultimately recommends dismissing the petition as time-barred. Mr. Hobbs objects to the Proposed Findings and Recommendations as to the determination of procedural default. Mr. Robinson objects to the Proposed Findings and Recommendations as to the finding that there is no basis for excusing the untimeliness of his claims.

The Court agrees with and adopts the conclusion reached by Judge Kearney in the Proposed Findings and Recommendations in that Mr. Robinson's habeas petition is time-barred. Mr. Robinson's habeas action is governed by a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). That limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Only subdivision (d)(1)(A) is applicable to this case. Under that subdivision, the limitations period began to run on October 27, 2009, and expired on October 27, 2010. There are no claims or arguments here to invoke (d)(1)(B) or (d)(1)(C), and, as to (d)(1)(D), that subdivision does not aid Mr. Robinson here because the factual predicate of Mr. Robinson's ineffective assistance of trial counsel claim was evident after the Arkansas Court of Appeals issued its opinion on October 7, 2009, ruling that Mr. Robinson's trial counsel did not preserve the double jeopardy objection. Mr. Robinson's habeas petition is time-barred.

Further, to the extent that Mr. Robinson may be arguing that *Martinez* should be applied to provide for equitable tolling of the statute of limitations, the Court disagrees. *See, e.g.*, *Arthur v. Thomas,* 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that

period"); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). The Court also notes that, although the limitations period is tolled while a properly filed application for State post-conviction relief or other collateral review is pending, 28 U.S.C. § 2244(d)(2), Mr. Robinson never filed to request further relief before the one-year limitation period expired on October 27, 2010, until he filed his petition with the Arkansas Supreme Court in July 2012. For these reasons, the Court determines that neither equitable tolling nor tolling apply.

Because the Court concludes that Mr. Robinson's petition is time-barred, the Court finds it unnecessary to reach the issue of procedural default. The Court declines to adopt the Proposed Findings and Recommendations as to that issue. Mr. Robinson argues that the enhancement to his sentence violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, the Supreme Court has explained that the *Blockburger* test is a rule of statutory construction and does not apply where there is clearly expressed legislative intent to authorize cumulative punishments. *See Missouri v. Hunter*, 459 U.S. 359, 367, (1983); *Albernaz v. United States*, 450 U.S. 333, 340 (1981); *Whalen v. United States*, 445 U.S. 684, 691-92 (1980). "The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative

intent." *Whalen*, 445 U.S. at 691-92. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366. Thus, where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id.* at 368-69.

This Court is bound to accept the Arkansas courts' construction of Arkansas's statutes. *Hunter*, 459 U.S. at 368 ("We are bound to accept the Missouri court's construction of that State's statutes."). However, the Court is not bound to accept Arkansas courts' conclusions as to whether punishment under two statutes violates the Double Jeopardy Clause. *See id.* This Court has reviewed the Arkansas courts' decisions in *Williams v. State*, 217 S.W.3d 817 (Ark. 2005), *Watkins v. State*, 302 S.W.3d 635, 639 (Ark. Ct. App. 2009), and *Davis v. State*, 220 S.W.3d 443 (Ark. Ct. App. 2005), among others. This Court determines that this Court's resolution of the double jeopardy issue raised by Mr. Robinson is not necessary to resolve the pending petition for writ of habeas corpus. The Court denies and dismisses Mr. Robinson's petition for writ of habeas corpus as time-barred.

The Court must next consider whether to issue a certificate of appealability. A certificate of appealability may issue only where the applicant has made a substantial showing of the denial of a constitutional right, and the certificate of appealability shall indicate which specific issue or issues satisfy this showing. 28 U.S.C. § 2253(d)(2), (3). The Proposed Findings and Recommendations recommend issuing a certificate of appealability, finding that Mr. Robinson has made a substantial showing that he received ineffective assistance of counsel and that the

Double Jeopardy Clause was violated, "among other things." (Dkt. No. 8, at 5). Mr. Hobbs objects to the recommendation to issue a certificate of appealability.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "[t]he issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds." *Id.* In *Slack*, the Supreme Court held as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484 (emphasis added). *See Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (construing *Slack* to hold that: (1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted).

The Court cannot say that reasonable jurists would find this Court incorrect in ruling that Mr. Robinson's petition is time-barred. Therefore, the Court need not assess Mr. Robinson's underlying constitutional claims. The Court rejects the recommendation to issue a certificate of appealability.

It is therefore ordered that:

1.	The Court dismisses with prejudice Mr. Robinson's petition as time-barred by 28 U.S.C. § 2244(d)(2).

2.	The Court will not issue a certificate of appealability.

SO ORDERED this the 31st day of March, 2015.

_____
Kristine G. Baker
United States District Judge